**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (328243)
pamela@kazlg.com
Ashley LaPointe Esq. (365017)
ashley@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Danielle Lynette Gray

KAZEROUNI LAW GROUP, APC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**DANIELLE LYNETTE GRAY, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiff,**

**v.**

**BUZZMARKETING LLC, d/b/a FASTTRACK RELIEF,**

**Defendant.**

**Case No.:** 2:26-cv-04653

**<u>CLASS ACTION</u>**

**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**

**1. THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**

**JURY TRIAL DEMANDED**

KAZEROUNI LAW GROUP, APC

## INTRODUCTION

1. The United States Congress has recognized the need to protect the privacy of consumers and reduce public safety risks associated with receiving unwanted telemarketer and debt-collector calls. Receiving calls after a consumer has revoked consent undermines a consumer's right to privacy. As such, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., to protect consumers from abusive debt-collector practices.

2. Plaintiff DANIELLE LYNETTE GRAY ("Ms. Gray," or "Plaintiff"), individually and on behalf of all others similarly situated, brings this action for damages and injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of defendant BUZZMARKETING LLC d/b/a FASTTRACK RELIEF ("Defendant") with regard to Defendant negligently, knowingly and/or willfully transmitting unsolicited, autodialed calls using an artificial or pre-recorded voice, to the cellular telephones of Plaintiff and the putative class members, without consent, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., ("TCPA"), thereby invading the privacy of Plaintiff and the putative class members.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Upon information and belief, Defendant placed the automated calls, using an artificial or pre-recorded voice, to Plaintiff and others similarly situated without their consent in order to market its services, which is exactly the type of telephonic contact the TCPA was designed to prevent.

5. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and

insurers of the named Defendant.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

## NATURE OF THE ACTION

7. In 1991, Congress passed the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), in response to complaints about abusive telemarketing practices.

8. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12.

9. The Federal Trade Commission ("FCC") is charged with the authority to issue regulations implementing the TCPA. According to findings by the FCC, automated calls and text messages are prohibited under the TCPA because receiving them is a greater invasion of privacy and nuisance compared to live solicitation calls. The FCC has also acknowledged that wireless customers are charged for any incoming calls and text messages.

10. In 2015, the FCC noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints

KAZEROUNI LAW GROUP, APC

received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

11. The transmission of an unsolicited calls and voice messages to a cellular device is distracting and aggravating to the recipient and intrudes upon the recipient's seclusion.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law. 47 U.S.C § 227(b).

13. Because Defendant directs and conducts business within the State of California and this judicial district, personal jurisdiction is established.

14. Personal jurisdiction and venue are proper in the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (1) Plaintiff resides within this judicial district; (2) the conduct complained of herein occurred within this judicial district; and (3) Defendant conducted business within this judicial district at all times relevant.

15. Specifically, Defendant abusively sought to engage in telemarketing and invaded Plaintiff's privacy by contacting Plaintiff on her cellular telephone, which occurred while Plaintiff was located in the County of Los Angeles, State of California, which is within this judicial district.

## PARTIES

16. Plaintiff is an individual residing in the County of Los Angeles, State of California, and is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Plaintiff is informed and believes, and thereon alleges, that Defendant, is, and at all times mentioned herein was, a limited liability company registered in Delaware. Plaintiff alleges that at all times relevant herein it conducted business in the State of California, in the County of Los Angeles, within this judicial district.



KAZEROUNI LAW GROUP, APC

18. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19. Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## FACTUAL ALLEGATIONS

20. At all times relevant, Plaintiff is an individual residing within the State of California. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

21. Defendant is a debt relief company that provides debt invalidation services. Upon information and belief, Defendant offers debt relief services including debt consolidation, debt settlements, debt management plans, and credit counseling services.

22. In Defendant's overzealous attempt to market its products and services, Defendant willfully or knowingly placed unsolicited phone calls utilizing an artificial or prerecorded voice without the prior express written consent of Plaintiff and other similarly situated call recipients.

23. Through this conduct, Defendant has invaded the privacy of Plaintiff and the members of the Class defined below.

24. At all relevant times, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in 4529 ("Cell Phone"). Plaintiff is the sole user and/or subscriber of her Cell Phone.

25. On or around December 23, 2025, at approximately 12:01 p.m., Defendant placed an unsolicited call to Plaintiff's Cell Phone and left Plaintiff a pre-



KAZEROUNI LAW GROUP, APC

recorded voicemail message from the number (650) 647-6140.

26. Defendant's pre-recorded voicemail on Plaintiff's Cell Phone offered Plaintiff Defendant's debt relief services to "catch up with past due bills" and to call Defendant back at "(949)-785-9740."

27. Then, on or around January 14, 2026, at approximately 10:53 a.m., Defendant placed another call and left Plaintiff a pre-recorded voicemail on her cellular phone ending in 4529 from the number (562) 585-4807.

28. Defendant's pre-recorded voicemail on Plaintiff's Cell Phone stated, in pertinent part: "this is Cheryl from fast-track services" and instructed Plaintiff to call back at "(714) 502-5987" to obtain Defendant's debt relief services.

29. As reflected in the above-mentioned calls and voicemails, Defendant initiated repeated telephone calls and left pre-recorded voice messages to Plaintiff's Cell Phone for telemarketing purposes. These calls by Defendant involved a computerized voice and/ or pre-recorded voice message.

30. Plaintiff was confused, frustrated and annoyed as to why she received automated telephone messages from Defendant without ever giving Defendant prior express consent to be contacted.

31. Such contact initiated by the Defendant without prior express consent constitutes a violation of 47 U.S.C. § 227(b)(1)(B).

32. Upon information and belief, the above two voicemail messages were left using an "artificial or prerecorded voice" as prohibited by 47 U.S.C § 227(b)(1)(A), to contact Plaintiff.

33. When reviewing Defendant's voice messages, Plaintiff heard a computerized voice and/ or pre-recorded voice message and at no time heard one of Defendant's live representatives.

34. In listening to the voicemails, Plaintiff could immediately tell that the voice was computerized and/or pre-recorded due to: (1) the speaker's tone, which was unnaturally uniform, with no variation in pitch or emotional expression; (2) the



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

cadence; and (3) lack of typical human speech characteristics such as pausing, breathing, or spontaneous variation, and instead consisted of a generic, scripted statement.

35. Defendant or its agent was engaging in telemarketing each time they called Plaintiff's cellular telephone to encourage Plaintiff to use their services.

36. Despite Plaintiff's never giving her prior express consent to be contacted, Defendant called and left pre-recorded voicemails to Plaintiff multiple times on her cellular telephone for the purpose of trying to solicit its debt relief services.

37. The numerous unwanted calls and messages from Defendant invaded Plaintiff's privacy and impacted the utility of Plaintiff's Cell Phone. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's Cell Phone by forcing her to silence her cell phone and/or block incoming numbers.

38. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.

39. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

40. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their telephone with one or more unwanted calls, causing nuisance, lost time and an invasion of privacy.

41. The telephone number Defendant or its agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for a cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

42. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

43. Defendant's calls to Plaintiff cellular telephone number were unsolicited

by Plaintiff. Therefore, Defendant did not have "prior express consent" to call Plaintiff by means of a pre-recorded voice as prohibited by 47 U.S.C § 227(b)(1)(A).

44. Through this conduct, Plaintiff suffered an invasion of a legally protected interest of privacy, which is specifically address and protected by the TCPA.

45. Plaintiff was personally affected because Plaintiff was frustrated, distressed, disturbed, and felt harassed that Defendant and/or its agents continued to place unsolicited and unauthorized telephone calls to Plaintiff's cellular telephone.

46. Defendant's telephonic communications forced Plaintiff to be deprived of the privacy and utility of her cellular phone by forcing Plaintiff to ignore or reject Defendant's disruptive messages, dismiss alerts, and/or silence her cellular phone as a result of Defendant's incessant telephone solicitations.

47. The TCPA was intended to give individuals control over how and where they receive telephone communications. When Defendant placed the telephone calls to Plaintiff without his consent, Defendant failed to address or respect the limitations imposed by the TCPA. In doing so, Defendant invaded Plaintiff's privacy and violated the spirit and intent behind the TCPA.

48. Defendant's violations cause Plaintiff to suffer real and concrete harm in the form of intrusion, distraction, wasted time, wasted cellular phone battery, loss of cellular phone use, and natural and foreseeable stress and frustration in connection with the foregoing, all of which the TCPA was designed to prevent.

49. Through the aforementioned conduct, Defendant repeatedly violated the TCPA, 47 § 227, et seq.

## CLASS ACTION ALLEGATIONS

50. Plaintiff brings this action on behalf of Plaintiff and all others similarly situated.

51. Plaintiff represents, and is a member of, the Class, pursuant to Fed. R. Civ. P. 23(b)(3) and/or (b)(2), which is defined as follows:

KAZEROUNI LAW GROUP, APC

> All persons within the United States who received one or more solicitation or telemarketing calls to their cellular telephones from Defendant using an artificial and/or prerecorded voice, without having previously provided express consent to receive such calls, within the four years prior to the filing of the Complaint.

52. Excluded from the Class are: (1) Defendant, any entity or division in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; (2) the Judge to whom this case is assigned and the Judge's staff; and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

53. Plaintiff reserves the right to redefine the Class, and to add and redefine any additional subclass as appropriate based on discovery and specific theories of liability.

54. The Class that Plaintiff seeks to represent contains numerous members and is ascertainable including, without limitation, by using Defendant's records to determine the size of the Class and to determine the identities of individual Class members.

**<u>Numerosity</u>**

55. The members of the Class are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Class is currently unknown to Plaintiff at this time. However, given that, on information and belief, Defendant sent or transmitted, or had sent or transmitted on its behalf, unsolicited calls to hundreds, if not thousands, of customers' cellular telephones nationwide using an artificial or prerecorded voice message during the proposed class period, it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action will provide substantial benefits to the parties and the Court.

**<u>Commonality</u>**

56. There are questions of law and fact common to the Class and Sub-Class that predominate over any questions affecting only individual Class members. Those common questions of law and fact include, without limitation, the following:

a) Whether within the four years prior to the filing of this Complaint, Defendant or employees or agents transmitted any calls, including any artificial or prerecorded calls, without the prior express consent of Plaintiff and Class members;
b) Whether Defendant can meet its burden to show Defendant has prior express consent to send the calls complained of, assuming such an affirmative defense is raised;
c) Whether Defendant's conduct was knowing and/or willful;
d) Whether Plaintiff and the members of the Class were damaged thereby, and the extent of damages for such violation;
e) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future; and
f) Whether Defendant's conduct violated the TCPA.

**Typicality**

57. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class member with whom they are similarly situated, and Plaintiff's claims (or defenses, if any) are typical of all members of the Class, as demonstrated herein.

58. Plaintiff represents and is a member of the Class because Plaintiff received at least one call/message using a prerecorded and/or computerized voice, without prior express consent to the Defendant within the meaning of the TCPA. Consequently, the claims of Plaintiff are typical of the claims of Class members and Plaintiff's interests are consistent with and not antagonistic to those of the other members of the Class that Plaintiff seeks to represent.

59. Plaintiff and all members of the Class have been impacted by, and face



KAZEROUNI LAW GROUP, APC

continuing harm arising out of, Defendant's violations or misconduct as alleged herein.

///

**Adequacy**

60. Plaintiff is qualified to, and will, fairly and adequately protect the interests of each member of the Class with whom Plaintiff is similarly situated, as demonstrated herein. Plaintiff acknowledges that Plaintiff has an obligation to make known to the Court any relationship, conflicts, or differences with any members of the Class. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement.

61. In addition, the proposed class counsel is experienced in handling claims involving consumer actions and violations of Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each member of the Class. Neither Plaintiff nor Plaintiff's counsel have any interests adverse to those of the other members of the Class.

**Predominance**

62. Questions of law or fact common to the members of the Class predominate over any questions affecting only individual members of the class. The elements of the legal claims brought by Plaintiff and members of the Class are capable of proof at trial through evidence that is common to the class rather than individual to its members.

**Superiority**

63. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable and questions of law and fact common to the Class predominate over any questions affecting only individual members of the



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

Class. Even if every individual member of the Class could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of the numerous cases were to be required.

64. Individualized litigation also would present the potential for varying, inconsistent, or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, conducting this action as a class action will present fewer management difficulties, conserve the resources of the parties and the court system, and protect the rights of each member of the Class. Further, it will prevent the very real harm that would be suffered by numerous members of the Class who will be unable to enforce individual claims of this size on their own, and by Defendant's competitors, who will be placed at a competitive disadvantage because they chose to obey the law. Plaintiff anticipates no difficulty in the management of this case as a class action.

65. The prosecution of separate actions by individual members of the Class may create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members not parties to those adjudications, or that would otherwise substantially impair or impede the ability of those non-party members of the Class to protect their interests.

66. The prosecution of individual actions by members of the Class would establish inconsistent standards of conduct for Defendant.

67. Defendant has acted or refused to act in ways generally applicable to the Class, thereby making appropriate final and injunctive relief or corresponding declaratory relief with regard to members of the Class as a whole. Likewise, Defendant's conduct as described above is unlawful, is capable of repetition, and will continue unless restrained and enjoined by the Court.

68. The Class may also be certified because:

(a) the prosecution of separate actions by individual members would

create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards of conduct for Defendant;

(b) the prosecution of separate actions by individual members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and,

(c) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

69. This suit seeks only damages and injunctive relief for recovery of statutory damages on behalf of Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ.***
**ON BEHALF OF THE CLASS**

70. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

71. The forgoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*. Defendant's repeated automated calls using an artificial and/or prerecorded voice to Plaintiff's cellular phone, without any prior express consent.

72. As a result of Defendant's negligent violations of 47 U.S.C. § 227, Plaintiff and all members of the Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

73. As a result of Defendant's negligent violations of 47 U.S.C. § 227,



KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

Plaintiff and all members of the Class are also entitled to, and do seek, an award of $500.00 statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227 *ET SEQ.*
## ON BEHALF OF THE CLASS

74. Plaintiff repeats and incorporates by reference the allegations set forth above as though fully stated herein.

75. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

76. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and all members of the Class are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

77. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and all members of the Class are also entitled to, and do seek, an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and members of the Class, prays for the following relief:

- That this action be certified as a Class Action, establishing the Class and any appropriate sub-classes that the Court may deem appropriate;
- Appointing Plaintiff as the representative of the Class;
- Appointing the law firms representing Plaintiff as Class Counsel;
- Pre-judgment and post-judgment interest;
- Costs of suit;

- An award of reasonable attorneys' fees and costs to Plaintiff and the Class, pursuant to the common fund doctrine and, *inter alia,* California Code of Civil Procedure § 1021.5;

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ.***

- An award of $500.00 in statutory damages to Plaintiff and each member of the Class for each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;
- Any other further relief that the court may deem just and proper.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**
**47 U.S.C. § 227 *ET SEQ.***

- An award of $1,500.00 in statutory damages to Plaintiff and each member of the Class for each and every knowing and/or willful violation of 47 U.S.C. § 227(b)(1) by Defendant, pursuant to 47 U.S.C. § 227(b)(3)(B);
- An order providing injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- Any other further relief that the court may deem just and proper.

**JURY DEMAND**

78. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: April 30, 2026

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: s/ PAMELA E. PRESCOTT
ABBAS KAZEROUNIAN, ESQ.
PAMELA E. PRESCOTT, ESQ.



KAZEROUNI LAW GROUP, APC

ASHLEY LAPOINTE, ESQ.
ATTORNEYS FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC