**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Pamela E. Prescott, Esq. (SBN: 328243)
pamela@kazlg.com
Ashley LaPointe, Esq. (SBN: 365017)
ashley@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff,*
Danielle Lynette Gray

KAZEROUNI LAW GROUP, APC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DANIELLE LYNETTE GRAY, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**BUZZMARKETING LLC, D/B/A FASTRACK RELIEF,**<br><br>**Defendant.** | **Case No.:** 2:26-cv-04653-FMO-AS<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT DKT. NO. 16**<br><br>**HON. FERNANDO M. OLGUIN** |

## I. INTRODUCTION

Plaintiff Danielle Lynette Gray ("Plaintiff") by and through her counsel of record, hereby submits the following Supplemental Brief in Support of Plaintiff's Motion for Default Judgment (Dkt. No. 16; "Motion for Default").

Following the July 30, 2026 hearing on Plaintiff's Motion for Default, the Court issued an Order directing Plaintiff to file a supplemental brief addressing whether the Court should dismiss the claims of the putative class members. As discussed herein, none of the *Diaz* factors indicating potential prejudice to putative class members are present (i.e. there is no evidence putative class members were relying on this lawsuit, the statute of limitations has been tolled during the pendency of this action, and the dismissal is not being done to further the interests of Plaintiff's or Plaintiff's counsel). *See Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401 (9th Cir. 1989). Dismissal of the putative class claims without prejudice may be accomplished without notice to the absent class members, who will not be prejudiced by such dismissal.

Therefore, Plaintiff respectfully requests that the Court dismiss the putative class claims *without prejudice*, and grant Plaintiff's Motion for Default as to her individual claims.

## II. THE COURT SHOULD DISMISS CLASS CLAIMS WITHOUT NOTICE TO THE PUTATIVE CLASS BECAUSE THEY WILL NOT BE PREJUDICED BY A DISMISSAL WITHOUT PREJUDICE

"The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e). Though the rule does not expressly require court approval for the voluntary dismissal pre-certification, "the Ninth Circuit has held that Rule 23(e) also applies to settlements before certification, but in a much lighter form that does not entail 'the kind of substantive oversight required when reviewing a settlement binding upon the class.'" *Dunn v. Teachers Ins. & Annuity Ass'n of America*, No. 13-cv-05456-HSG, 2016 U.S. Dist.





KAZEROUNI LAW GROUP, APC

LEXIS 4338, at *9 (N.D. Cal. Jan. 13, 2016) citing *Diaz*, 876 F.2d at 1408. "[W]hile some courts in the Ninth Circuit have found the 2003 amendment to Rule 23(e) abrogates *Diaz*, others in the Ninth Circuit continue to apply the *Diaz* factors in full." *Rodriguez v. Go Carwash Mgmt. Corp*., No. 5:24-cv-02085-SSS-DTBx, 2025 LX 46754, at *3 (C.D. Cal. Apr. 30, 2025).

Under *Diaz*, a court must determine whether putative class members will be prejudiced when deciding whether to grant a request for pre-certification dismissal by considering the following factors:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Karcauskas v. Regreso Fin. Servs. LLC,* No. 2:15-cv-09225-FMO-RAOx, 2018 U.S. Dist. LEXIS 238281, at *5 (C.D. Cal. Mar. 1, 2018). "Notice to the class of pre-certification dismissal is not, however, required in all circumstances." *Id*. at *5-6. Here, Dismissal of the class allegations would not prejudice unnamed putative class members, and as thus no notice is required.

*First*, there is virtually no likelihood that putative class members have relied on the filing of this action since there has been little to no publicity surrounding it. To the extent there has been some publicity, it has occurred exclusively in legal forums unlikely to have been read by many consumers. Plaintiff's counsel has reviewed several search engines to determine whether any publicity of this action has occurred. From what they can discern, any mention of this action has occurred solely on legal forums

such as PacerMonitor.[1] The "lack of media coverage makes it unlikely that similarly situated [putative class members] knew of Plaintiff's lawsuit and relied on it for vindication of their own rights." *Lyons v. Bank of Am., N.A.*, No. 11-cv-01232-CW, 2012 U.S. Dist. LEXIS 168230, at *5-6 (N.D. Cal. Nov. 27, 2012) citing *Mahan v. Trex Company, Inc.*, No. 5:09-cv-00670 JF/PVT, 2010 U.S. Dist. LEXIS 130160, at *11 (N.D. Cal. Nov. 22, 2010). Moreover, Plaintiff is not aware of the identity of any other consumer who received unsolicited telemarketing messages from Defendant using "artificial or prerecorded voice" as prohibited by 47 U.S.C § 227(b)(1)(A). Accordingly, the first *Diaz* factor weighs in favor of dismissal of class allegations without class notice or other proceedings.

*Second*, absent putative class members will suffer no prejudice from dismissal. This action was recently filed on April 30, 2026 (Dkt No. 1), and claims under the Telephone Consumer Protection Act are subject to a four-year statute of limitations. *See* 28 U.S.C. § 1658(a). As a result, putative class members still have ample time to pursue their own claims independently. In addition, the statute of limitations on their individual claims have been tolled during the pendency of this action under *American Pipe* tolling principles. *American Pipe & Construction Co v. Utah,* 414 U.S. 538, 554 (1974); *see also, China Agritech, inc. v. Resh*, 584 U.S. 732, 735-36 (2018) (recognizing that the filing of a putative class action tolls the statute of limitations for putative class members' individual claims). Given the relatively recent filing of this action, and the tolling of individual claims, there is a substantially diminished risk of prejudice to absent putative class members. Thus the second *Diaz* factor weighs in favor of dismissal.

---

[1] https://www.pacermonitor.com/public/case/64415645/Danielle_Lynette_Gray_v_Buzzmarketing,_LLC; *see also*, https://www.classaction.org/news/category/buzz-llc (though the page is not found when clicked).





KAZEROUNI LAW GROUP, APC

KAZEROUNI LAW GROUP, APC

*Third*, there has been no settlement in this action, nor has Defendant appeared. Instead, the Clerk entered default after Defendant failed to defend the action, and Plaintiff seeks default judgment on that basis. Accordingly, there is no settlement requiring judicial scrutiny, no risk of collusion and no prejudice to the putative class members. *See Woodard v. Smith*, 2024 U.S. Dist. LEXIS 81960, at *9 (D. Or. Apr. 2, 2024) (noting "[t]here is no need to assess the settlement in dismissing this action, where no settlement has been filed"). Further, the absent putative class members may still pursue their individual claims because Plaintiff is requesting the class claims be dismissed *without prejudice*.

Therefore, dismissal of the putative class claims without prejudice should be accomplished without notice to the absent class members who will not be prejudiced by such dismissal. *See Albers v. Yarbrough World Sols., LLC*, 2021 U.S. Dist. LEXIS 91827, at *5 (N.D. Cal. May 13, 2021) (noting "notice to putative class members is not required" where "there is no risk of prejudice.").

## III. CONCLUSION

Plaintiff respectfully requests the Court dismiss the putative class claims without prejudice, and without notice to the absent putative class members, and grant Plaintiff's Motion for Default Judgment.

Respectfully submitted,

Dated: August 3, 2026

**KAZEROUNI LAW GROUP, APC**

By: */s/ Pamela E. Prescott, Esq*.

Abbas Kazerounian, Esq
Pamela E. Prescott, Esq.
Ashley LaPointe, Esq.
*Attorney for Plaintiffs*